UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT W. MERRITT,
    Plaintiff,

v.                                        Case No. 5:21-CV-37-RV/MJF

TRANSPORT OFFICER 1, *et al.*,
    Defendants.
_____/

**ORDER**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated February 28, 2022 (ECF No. 16) and Plaintiff's objection (ECF No. 18). I have reviewed the issues raised in Plaintiff's objection de novo as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3). Plaintiff does not object to the findings of fact or recommendation of the Magistrate Judge. Rather, he seeks to amend his complaint to include additional claims of negligence against Centurion of Florida, LLC, the Florida Department of Corrections, and the Warden of Gulf Correctional Institution.[1]

---

[1] Plaintiff also filed a separate motion for leave to amend his complaint. Doc. 17. Plaintiff, however, failed to submit a copy of the amended pleading in violation of the Local Rules for the United States District Court for the Northern District of Florida. N.D. Fla. Loc. R. 15.1 ("A pleading may be amended only by filing a complete copy of the amended pleading"). It is dismissed, without prejudice. I have, however, considered the substance of his motion in my discussion of the objections in the text of this order.

**A.      Claim of Negligence/Medical Malpractice Against Centurion**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course. In all other cases, "the party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). A "district court's discretion to deny leave to amend a complaint 'is severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'" *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). A court should deny leave to amend, however, when "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed . . . or where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Plaintiff seeks to amend his complaint to include a claim of negligence/medial malpractice against Centurion, under a theory of *respondeat superior*, based on Dr. Steele's alleged negligence in performing Plaintiff's hip surgery. Under Florida law, "an action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered." Fla. Stat. § 95.11(4)(b). Plaintiff was aware of Dr. Steele's purported negligence on February 2, 2018. Doc. 13 at 7. Plaintiff, however, commenced this action on February 8, 2021, more than three years after he was

aware of a potential claim for negligence. Doc. 1. This claim, therefore, is untimely, and Plaintiff has not offered any basis for tolling the statute of limitations.

Additionally, before Plaintiff could even file a claim for negligence/medical malpractice, he is statutorily required to file a pre-suit notice under Florida Statute § 766.106(2). These conditions "must be met in order to maintain a medical malpractice or medical negligence action against a health care provider." *J.B. v. Sacred Heart Hosp. of Pensacola*, 635 So.2d 945, 948 (Fla. 1994). There is no indication that Plaintiff met the conditions found in Florida Statute § 766.106(2) to commence an action for medical malpractice against Centurion. Therefore, leave to amend is denied.

Further, to the extent Plaintiff seeks to bring a claim that Centurion and the Florida Department of Corrections are currently negligent in treating Plaintiff's medical needs, ECF No. 17, it is apparent that Plaintiff did not exhaust his administrative remedies to bring these claims and likely did not comply with the conditions set forth in Florida Statute § 766.106(2). Therefore, leave to amend will be denied without prejudice to Plaintiff initiating a new action after completing all conditions precedent to filing such a claim.

## B.    Claim of Negligence Against the FDC and the Warden

Plaintiff's claims that the Florida Department of Corrections and the Warden of Gulf Correctional Institution were negligent are also barred by the statute of

limitations. Under Florida Statute section 95.11(3)(a), a plaintiff has four years to file a claim founded on negligence. Plaintiff's claim for negligence "accrued when [he] suffered damages." *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 784 F.3d 771, 780 (11th Cir. 2015) (citing Fla. Stat. § 95.031(1)). Plaintiff alleged that on November 28, 2016, the Transport Officers failed to use the proper vehicle to transport Plaintiff and failed to properly secure Plaintiff in the vehicle. As a result, Plaintiff fell from his wheelchair and suffered lacerations and bruises. Thus, Plaintiff's claims predicated on negligence accrued on November 28, 2016, when he suffered his injuries. Plaintiff, however, commenced this action on February 8, 2021, more than two months too late. Doc. 1. Plaintiff again has offered no basis for tolling the statute of limitations. These claims, therefore, are untimely.[2]

**C.  Conclusion**

Having considered the Report and Recommendation, and any timely filed objections thereto, I have determined that the Report and Recommendation should be adopted. Plaintiff's request for leave to amend is denied.

Accordingly, it is now **ORDERED** as follows:

---

[2] Plaintiff also asserts that the Florida Department of Corrections and Warden are vicariously liable because the Officers failed to wear identification badges with their uniform. Plaintiff, however, did not and cannot allege facts to show that the failure to wear identification badges was causally connected to his injuries. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (requiring a reasonably "close causal connection between the [defendant's] conduct and the resulting injury.").

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Plaintiff's motion for leave to amend, Doc. 17, is **DENIED without prejudice.**

3. The following claims are **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(A)(b)(1), for failure to state a claim upon which relief may be granted:

   a) Plaintiff's official-capacity Eighth-Amendment claims against the Transport Officers;

   b) Plaintiff's Eighth-Amendment claims for injunctive relief; and

   c) Plaintiff's individual-capacity claim Eighth-Amendment claim against Dr. Steele.

4. Plaintiff's official-capacity Eighth-Amendment claim against Dr. Steele is **DISMISSED without prejudice**, in accordance with Plaintiff's notice of voluntary dismissal.

5. This case is recommitted to the Magistrate Judge to address Plaintiff's remaining individual capacity Eighth-Amendment claims against the Transport Officers.

**DONE AND ORDERED** this 28th day of March 2022.

                    s/ *Roger Vinson*
                    **ROGER VINSON**
                    **SENIOR UNITED STATES DISTRICT JUDGE**